UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| HOPE T. NORRIS,<br>    *Plaintiff*,<br><br>v.<br><br>PRATT AND WHITNEY CO., UNITED TECHNOLOGIES CORP.<br>    *Defendants*. | No. 3:21-cv-1245 (JAM) |

**ORDER TO SHOW CAUSE WHY COMPLAINT SHOULD NOT BE DISMISSED**

Hope Norris has filed *in forma pauperis* a *pro se* complaint against Pratt & Whitney and United Technologies Corporation. But because it appears that the complaint fails to allege facts giving rise to a plausible ground for relief, the Court shall require Norris to file an amended complaint or a response by **February 7, 2022**, explaining why the complaint should not be dismissed.

### BACKGROUND

Norris claims that her great-grandfather, Ira Dimock, invested $1,000,000,000 in Pratt & Whitney when his manufacturing company sold out.[1] Norris now sues for "damages equal to the amount of money spent harassing me throughout my life because of this debt."[2] She does not explain how Dimock's investment resulted in a debt or what Pratt & Whitney has done to harass her on this account. Instead, she details several abductions that allegedly disrupted her postgraduate education and professional life.[3] But again, she does not link these abductions to Pratt & Whitney or to any attempts to collect a debt from her. Rather, she says that "Silicon Valley people" may have arranged her abduction from the Washington airport to her cabin in

---

[1] Doc. #1 at 1.
[2] *Ibid*.
[3] *Ibid*.

Maine because of her "developing knowledge of Silicon Valley's subsequent data problems."[4] She then alleges being "set back in time about 7 years" and taken to Connecticut Valley Hospital in the 1980s despite her lack of any history of mental illness.[5] While she says her record at Connecticut Valley Hospital shows hospitalizations and other psychiatric care, she says that these records are false because she "skipped these 35 years, being put ahead in time."[6] Norris does not allege that Pratt & Whitney or United Technologies Corporation had any role in these events.

## DISCUSSION

The Court has authority to review and dismiss a complaint if it "is frivolous or malicious" or if it "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B). "An action is 'frivolous' when either: (1) the factual contentions are clearly baseless, such as when allegations are the product of delusion or fantasy; or (2) the claim is based on an indisputably meritless legal theory." *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). To be sure, if a plaintiff is *pro se*, the Court must give her complaint a liberal construction and interpret it to raise the strongest grounds for relief that its allegations suggest. *See Sykes v. Bank of America*, 723 F.3d 399, 403 (2d Cir. 2013). Still, even a *pro se* complaint may not survive dismissal if its factual allegations do not establish plausible grounds for relief. *See, e.g., Fowlkes v. Ironworkers Local 40*, 790 F.3d 378, 387 (2d Cir. 2015).

In the ordinary course, the Court will not dismiss a complaint *sua sponte* without affording the plaintiff a reasonable opportunity to respond to the concerns that would warrant dismissal. *See Abbas v. Dixon*, 480 F.3d 636, 639–40 (2d Cir. 2007). The purpose of this ruling

---

[4] *Ibid*.
[5] *Id*. at 2.
[6] *Ibid*.

2

is to state the Court's concerns so that Norris may file an amended complaint or response that addresses these concerns.

Rule 8 of the Federal Rules of Civil Procedure requires that pleadings contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "When a complaint fails to comply with [the Rule 8] requirements, the district court has the power, on motion or *sua sponte*, to dismiss the complaint." *Celli v. Cole*, 699 F. App'x 88, 89 (2d Cir. 2017) (quoting *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995)). Dismissal of a complaint is generally reserved for those cases in which the complaint is "so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988)).

Norris has not offered a short and plain statement of her claim against Pratt & Whitney or United Technology Corporation showing that they have committed any legal wrong against her for which she is entitled to relief. She seeks "damages equal to the amount of money spent harassing me throughout my life because of this debt."[7] But she has not alleged that either she or the defendants have spent any amount of money regarding her supposed debt; nor has she alleged that either defendant has harassed her in any way regarding that debt. The other facts alleged in the complaint are not plausibly alleged and do not involve the defendants.

## Conclusion

It appears that the complaint is subject to dismissal under § 1915(e)(2)(B). But if Norris has grounds to file an amended complaint or to show why the complaint should not be dismissed, she may file a response to this order to show cause by **February 7, 2022**.

It is so ordered.

---

[7] *Id*. at 1.

Dated at New Haven this 24th day of January 2022.

/s/ *Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge